UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BRANDON BRIONES on Behalf of Himself and on Behalf of All Others Similarly Situated,** | § § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 4:15-cv-02499** |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **KINDER MORGAN, INC.,** | § § | |
| **Defendant.** | § | |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY REGARDING THE IDENTITIES AND CONTACT INFORMATION FOR CLASS MEMBERS**

Plaintiff Brandon Briones hereby files this Reply in Support of his Motion to Compel Discovery regarding the Identities and Contact Information for the Class Members.

### I.  SUMMARY OF ARGUMENT

Defendant has failed to satisfy its burden to show that the information concerning the identities and contact information for the Class Members ("class list") is not discoverable. Indeed, Defendant's Response is replete with conclusory statements and speculative arguments that the information will be used for an improper purpose. Such arguments are without merit.[1]

The class list is undoubtedly relevant and discoverable. Plaintiff has asserted class allegations and demonstrated that Defendant enacted a company policy that failed to

---

[1] The remainder of Defendant's arguments were devoted to disparaging Plaintiff and do not deserve much attention. It is ironic that Defendant sought to attack Plaintiff when Plaintiff has acquired significant evidence, taken depositions, and pursued this case vigorously. Defendant has not even taken one deposition or served written discovery requests. Effectively, Defendant has done nothing but stall and attempt to delay this case.

comply with the law. In particular, Defendant's method for calculating overtime for those workers paid a shift differential did not comply with the Fair Labor Standards Act ("FLSA"). The class list is relevant to the class claims alleged by Plaintiff. The information sought will provide more certainty about the merits of the proposed class or may underscore inadequacies in the group of potential plaintiffs. The class list also provides information regarding the number of affected individuals who were subject to the same policy as Plaintiff. The class list provides the locations where these individuals worked and other information regarding the scope of the violation. Further, the class list can be used in depositions to examine witnesses regarding the scope of the violation, the number of affected persons, and the locations at issue, amongst other questions.

Finally, Plaintiff submits that if the Court denies Plaintiff's request for the class list, then fairness dictates that the "interest" factor should not be a prerequisite to certification. This is a position that Defendant appears to endorse as Defendant did not contest Plaintiff's arguments on this point. For these reasons, Plaintiff respectfully asks the Court to grant Plaintiff's Motion to Compel.

## II.   ARGUMENTS AND AUTHORITIES

### A. Defendant has not met its burden to show that the class list is not discoverable.

Defendant has failed to meet its burden to prevent the discovery of the class list. The party resisting discovery must show specifically how each request is overly broad, burdensome, or oppressive. *See Mcleod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (citations omitted).

Here, Defendant has simply asserted in a conclusory fashion that the information sought is not relevant. Defendant has woefully failed to meet its burden. Plaintiff has

requested specific information about a defined group of workers. Defendant already knows their identities and the number of workers at issue. The information sought will provide more certainty about the merits of the proposed class at the time certification is sought or may underscore inadequacies in the group of potential plaintiffs. Either way, the information should be produced.

**B. Litigants have the right to discover all information that is reasonable and necessary to pursue their claims. The class list provides information regarding the number of affected persons, their locations, and the scope of the violation.**

Plaintiff bears the burden of proving that this case is appropriate for certification. The class list that Plaintiff seeks is relevant to the class claims pled by Plaintiff. As noted in Plaintiff's prior briefing, in *Yoakum v. PBK Architects, Inc.,* No. Civ. A. H-10-278, 2010 WL 4053956 (S.D. Tex. Oct. 14, 2010) this Court stated that the identities and contact information for the Class Members are relevant and discoverable. *Id*. The Court stated as follows:

> **How can a plaintiff show that others want to join the lawsuit before the plaintiff is given the opportunity to contact them?** While in many cases FLSA plaintiffs have worked side-by-side with other potential plaintiffs and thus have the ability to find out if there is any interest in the lawsuit, Yoakum and the other CSRs did not work with each other; they each worked at different construction sites.

*Id.* at*6.

Given the class allegations raised by Plaintiff, the relevance of the class list cannot be reasonably disputed. The class list provides information regarding the number of individuals who were subject to the same illegal policy as Plaintiff. The class list provides the locations where these individuals worked. The class list also provides information regarding the scope of the violation. For some cases, the violation may be a localized

occurrence affecting a certain branch, whereas, in other cases, the violation may be company-wide. With this information, Plaintiff can inquire regarding the number of affected persons and the locations where the violations occurred. Additionally, Plaintiff can provide more information to the Court so that it can make a reasoned decision regarding the claims.

Moreover, the information sought is not unduly burdensome as it is already in Defendant's possession. Nearly 200 workers have been identified that were paid in the same manner as Plaintiff and are owed damages. It is this information that should be produced. Both sides should have equal access to relevant information. Accordingly, the Court should grant Plaintiff's Motion to Compel.

**C. Litigants have the right to conduct a thorough investigation into the claims. Defendant's suggestion that the list will be used for an improper purpose is without merit. There are legitimate and proper uses for the class list within the discovery rules.**

Defendant's suggestion that the list should not be produced because it could potentially be used in an improper manner, is spurious, at best. Litigants have a duty to perform a thorough investigation into the claims. Just like Defendant is allowed to interview witnesses and perform an investigation, so to is Plaintiff.

Judge Atlas' comments in a prior case are particularly applicable to the facts of this case.

```
18.   THE COURT: There is -- there -- if she wants a
19.   class action and she personally wants to have other people
20.   in it, she has the right to do that. It is a free country
21.   and I will not -- I will not, unless I am prohibited by law,
22.   prevent a live human being in this country from talking
23.   about her lawsuit to people and inviting them to join if the
24.   others want to. I will not do that.
```

(Doc. 14-3 at page 6.)

Moreover, there is absolutely no evidence other than pure speculation that the class list will be used for an improper purpose. Such allegations made by Defendant are baseless. In fact, this Court rejected the very same argument in *Yoakum*. This Court stated as follows:

> The mere possibility that Yoakum's counsel may use the information garnered from his interrogatories and requests for production to violate Rule 7.03 does not justify PBK's failure to provide the information. *Cf. Gulf Oil Co. v. Bernard,* 452 U.S. 89, 102, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981) (The "mere possibility of abuses does not justify routine adoption of a communications ban ...."). Neither does *Heckler,* which is a case from the Northern District of Illinois.

*Yoakum*, 2010 WL 4053956, at *6.

Further, the class list can be used in depositions to examine witnesses. Previously, Plaintiff noticed the Corporate Representative for Defendant for a deposition regarding the class allegations. The class list can be used to question this witness regarding the scope of the violation, the number of affected persons, and the locations at issue, amongst other questions. Thus, it is inconsistent for Defendant to argue that Defendant can conduct an investigation with the class list but Plaintiff is not permitted to do the same.

**D. The class list is necessary so that Plaintiff can satisfy the third prong of the Court's test for certification.**

This case presents claims that are certifiable on their face. Defendant had a policy of not properly calculating overtime for those workers paid a shift differential. This policy existed regardless of the duties performed by the worker, the branch location, or supervisor.

Indeed, Plaintiff has provided evidence establishing (1) that Kinder Morgan violated the law, and (2) that it's illegal policy affected each of the Class Members. The testimony of Kinder Morgan's Corporate Representative confirmed that Kinder Morgan

violated the FLSA by not calculating overtime for those workers paid a shift differential using a weighted average. (Doc. 14-2 at page 81, ln. 23 – 83, ln. 9; page 122, ln. 16 – 123, ln. 3.)  Additionally, Kinder Morgan's Corporate Representative affirmed that this overtime policy affected workers company-wide. (*Id*. at page 63, ln. 16 – 64, ln. 9; page 122, ln. 25 – 123, ln. 3.)  Kinder Morgan's Counsel has represented to the Court that there are between 136 and 185 individuals who have been affected.  Thus, the record before the Court proves that Kinder Morgan enacted a company policy that violated the law and that the Class Members are owed unpaid wages.

For claims to be certified under the FLSA, this Court requires the following elements to be shown:

> To establish this, the plaintiff must make a minimal showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." (internal citations omitted).

*Yoakum*, 2010 WL 4053956, at *4.

As to elements one and two, there can be no reasonable dispute that those elements have been satisfied.  Now, Plaintiff merely wants the evidence to show the Court that others would like to receive the wages they are due.

**E. If the Court does not allow the discovery of the class list, then Plaintiff asks that the Court not require the "interest" factor for certification.**

If the Court is inclined not to permit the discovery that is sought, then Plaintiff submits that the Court should not hold Plaintiff to satisfying the "interest" element.  This was precisely the logic of the court in *Heckler v. DK Funding*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007) cited by this Court in *Yoakum*.  It is important to note that Defendant failed

to offer any response to Plaintiff's position that the "interest" element should not be required if Plaintiff is denied the discovery of the class list.  Accordingly, it appears that Defendant supports Plaintiff's position.

Not requiring the "interest" element would align this Court with the numerous courts in this district that have rejected a showing of "interest" as a prerequisite to certification.  *See Dryer v. Baker Hughes Oilfield Operations, Inc.*, No. Civ. A. No. H-08-1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008); *Page v. Nova Healthcare Mgmt., L.L.P.*, No. Civ. A. No. H–12–2093, 2013 WL 4782749, at *4-5 (S..D. Tex. Sept. 6, 2013); *Luvianos v. Gratis Cellular, Inc.*, No. Civ. A.  H–12–1067, 2012 WL 6737498, at *5-6 (S.D. Tex. Dec. 10, 2012); *Bodle v. TXL Mortgage Corp.,* No. Civ. A. H–12–1515, 2012 WL 5828616, at *8-9 (S.D. Tex. Oct. 2, 2012); *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F. Supp. 902, 915-16 (S.D. Tex. 2010).

Nevertheless, it is important to emphasize that Plaintiff is a former employee.  He no longer has contact with his co-workers or managers.  Without the discovery sought by Plaintiff, similar workers will not be able to acquire the evidence to demonstrate to the Court that the claims are certifiable.  This would do a disservice to workers and be contrary to the remedial purpose of the FLSA.

## **CONCLUSION**

For the reasons stated herein, Plaintiff requests that the Court grant his Motion to Compel.

       Respectfully submitted,

       KENNEDY HODGES, LLP

       By*:   /s/ Don Foty*
         Don J. Foty
         Texas State Bar No. 24050022
         dfoty@kennedyhodges.com
         4409 Montrose Blvd, Suite 200
         Houston, TX  77006
         Telephone: (713) 523-0001
         Facsimile: (713) 523-1116

## **CERTIFICATE OF SERVICE**

  I certify that on November 4, 2016, I filed this document through the Southern District of Texas CM/ECF system which will serve a copy on all parties of record.

        /s/ Don J. Foty
        Don J. Foty