United States District Court
Southern District of Texas
**ENTERED**
November 17, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANDON BRIONES, | § | |
| *Plaintiff*, | § § § | |
| v. | § | CIVIL ACTION H-15-2499 |
| KINDER MORGAN, INC., | § § § | |
| *Defendant*. | § § | |

## ORDER

Pending before the court is plaintiff Brandon Briones's ("Briones") motion to compel defendant Kinder Morgan, Inc. ("Kinder Morgan") to disclose the identities and contact information of class members. Dkt. 14. Having considered the motion, applicable law, and arguments of counsel during a discovery hearing on October 17, 2016 (Dkt. 13), the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

On October 17, 2016, the court held a discovery hearing regarding Kinder Morgan's objections to Briones's first set of interrogatories and requests for production. Dkt. 13. Briones argued that Kinder Morgan refused to provide any information regarding (1) scope of the class, (2) Kinder Morgan's shift differential policies, (3) Kinder Morgan's good faith defense, and (4) written information concerning Briones's employment with Kinder Morgan. *Id.* Issues two (2) through four (4) were resolved during the hearing, and the court ordered Briones to file additional briefing regarding the scope of the class. *Id.*

On October 25, 2016, Briones filed his motion to compel disclosure of identities and contact information of class members. Dkt. 14. Briones argues that Kinder Morgan has not responded to

interrogatory number 3, which seeks the names, addresses, telephone numbers, and dates of employment for all class members defined in his complaint. *Id.* at 2. Particularly, the class is limited to "those individuals paid a 'shift differential,'" and Briones requests the contact information of other "similarly situated" workers to "narrow the issues in dispute and assist the parties in identifying whether the Class Members desire to opt into the case"—a prerequisite for conditional class certification. *Id.* at 2–11. Briones contends that Kinder Morgan knows of 136 to 185 other employees who were also paid a "shift differential" in which Kinder Morgan "used [a] lower hourly rate to calculate overtime pay in certain weeks." *Id.* at 3.

At issue is whether this information is discoverable prior to certification of a collective action. To support his claim that is it discoverable at this stage, Briones cites to cases that have required "precertification disclosure of contact information to help plaintiffs demonstrate that a sufficient number of similarly situated plaintiffs exist to conditionally certify the action." *Id.* at 9; *Yoakum v. PBK Architects, Inc.*, No. Civ. H-10-278, 2010 WL 4053956, at *6 (S.D. Tex. Oct. 14, 2010) (Miller, J.) (citing *Sedtal v. Genuine Parts Co.*, No. 08-Civ.-413, 2009 WL 2216593, at *7 (E.D. Tex. July 13, 2009)). He argues that the requested information is a non-privileged matter, furthers the remedial purpose of the Fair Labor Standards Act (FLSA), and is required to be disclosed under Federal Rule of Civil Procedure 26(b)(1). Dkt. 14. He additionally asserts that the party resisting discovery has the burden of showing how the requested information is "overly broad, burdensome, or oppressive," and that Kinder Morgan has failed to do so. *Id.* at 6–13 (quoting *Mcleod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); Dkt. 16. Briones also argues that if his motion is denied, then the court should review the evidence thus far and assume that class members are "interested" in the suit, which is a prerequisite to conditional certification. *Id.* at 14. Because the motion is GRANTED, the court need not address this last issue.

On October 31, 2016, Kinder Morgan responded to the motion and argues that the requested discovery is irrelevant to either parties' claims or defenses, is an "attempt to circumvent the standard procedures for conditional certification of a collective action," and is "disproportional to the current needs of the case." Dkt. 15.  Additionally, Kinder Morgan expresses concern that the plaintiff could use the requested information to improperly solicit employees to join the suit.[1]  *Id*.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1).  The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id.*  A party may move to compel production of materials that are within the scope of discovery and have been requested but not received.  FED. R. CIV. P. 37(a).  The party resisting discovery must show specifically how each request is not relevant or otherwise objectionable.  *Quarles*, 894 F.2d at 1485.  It is well settled that district courts have discretion to facilitate notice to potential plaintiffs in Fair Labor Standards Act cases.  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 110 S. Ct. 482 (1989).

## III. ANALYSIS

Briones presents evidence that the requested contact information is relevant.  A deposition of Kinder Morgan's Corporate Representative indicated that Kinder Morgan did not use a weighted average to calculate the pay for day and night shift employees, saying it was a "mistake."  Dkt. 14

---

[1] Kinder Morgan also claims that Briones defines class members in two different groups. Dkt. 15.  Defining the scope of the class was resolved during the October 17, 2016 hearing.  Dkt. 13.  Briones represented to the court and to Kinder Morgan that the class consists of those who were paid a shift differential and Kinder Morgan did not object to this statement nor did it ask for clarification.  *Id.*

at 4 (citing Ex. 2 at 96, 122).  Based on Kinder Morgan's representations to the court, there are between 136 and 185 workers who were also paid a shift differential.  Dkt. 13.  Briones argues that the identities of the other employees are relevant for use in depositions and to determine the scope of the violation, whether it is localized or company-wide.  Dkt. 16 at 3–5.

Briones contends that discovery of these workers's identities at this stage of the litigation is appropriate.  Briones cites to cases where the court reasoned that "[a]llowing Plaintiffs to discover this information at this time may help them demonstrate that a sufficient number of similarly situated plaintiffs exist to conditionally certify the action.  Conversely, it may underscore inadequacies in the group of potential plaintiffs.  *Sedtal*, 2009 WL 2216593, at *7 (internal citations omitted); *Detho v. Asia Bilal,* No. H-07-2160, 2008 WL 2962821 (S.D. Tex. July 29, 2008).

Kinder Morgan responds that the discovery sought is not relevant to any party's claim or defense and that the cases that Briones cites to that allow pre-certification discovery are not applicable.  Dkt. 15 at 4–6.  For example, Briones relies on a line of cases citing to *Hoffman-La Roche Inc. v. Sperling*, which permits discovery of the names and addresses of potential class members if it was "relevant to the subject matter of the action."  Dkt. 15 at 5; 493 U.S. at 165. However, Kinder Morgan cites to a Minnesota District Court which refused to follow *Sperling*, after the "2000 Amendments to the Federal Rules of Civil Procedure [] altered the scope of discovery from matters 'relevant to the subject matter involved in the pending action' to matters 'relevant to any party's claim or defense.'"  *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 558 (2008).  The court finds these arguments unpersuasive based on a line of cases decided after *Sperling* and the 2000 amendment that permit courts to grant pre-certification discovery.

In *Knutson*, the court held that the information Knutson was seeking was not relevant to the claims or defenses of the parties, but at most, could be relevant to future claims brought by other

4

individuals. 254 F.R.D. at 557. "Discovery sought solely for the purpose of inviting others to join this litigation would not achieve this purpose and would not be [] relevant to the particular claims and defenses currently asserted in this case." *Id.* Assuming *arguendo* that the discovery sought were relevant, the court held that in some situations, such as in the instant case, where a defendant has not provided any information about other employees, an order compelling production may be an appropriate remedy.

> [W]here a plaintiff has been given no access to contact information by the defendant and, because of her short tenure with her employer, she is unlikely to possess such information[,] [a]n order compelling production might be appropriate in that situation, to give the plaintiff an opportunity to make the threshold showing that others seek to opt in to her case.

*Id.* at 558.

The facts in this case are more like the facts in the *Knutson* hypothetical where the plaintiff has been given no access to contact information of other employees. *Id.* It is within the court's discretion to compel discovery when the information is solely in the hands of the defendant and the defendant has not provided any information to the plaintiff. *Sperling*, 493 U.S. at 169. In other cases where courts have denied discovery, the plaintiffs, like in *Knutson*, already had an opportunity to contact other employees. *See, e.g.*, *Knutson*, 254 F.R.D. at 558. Briones claims that he had no other opportunity to know of other similarly situated employees due, in part, to the nature of his localized work. Dkts. 13, 14. The court agrees with Briones that the contact information of employees who were also paid a shift differential will provide more certainty about the merits or inadequacies of the proposed class. Dkt. 16 at 2. Disclosing the class list at this time may assist Briones in deciding whether to seek certification of a collective action.

Next, Kinder Morgan argues that Briones' request is "disproportional with the current needs of the case" because it would have to incur the burden and expense of producing information for a

5

"significant number of its employees." Dkt. 15 at 6 (citing *Knutson*, 254 F.R.D. at 557). Unlike the facts in the instant case, the *Knutson* court held that the plaintiff had worked for more than seven years and likely knew the identities of other employees, and after having made at least a dozen attempts to reach out to other employees with no success, Knutson filed a motion to compel discovery of 1,200 more individuals. *Id.* at 558. The court denied the motion, after weighing the burden and expense of producing contact information for more than 1,200 people and the fact that Knutson "made only the weakest of showings that [the] case is appropriate for collective-action certification." *Id.*

Here, however, Kinder Morgan is not dealing with a plaintiff who has already contacted other known employees, was unsatisfied with the results, and then filed a motion to compel discovery in what would result in a fishing expedition. Rather, Kinder Morgan has represented to the court at a hearing and in its response that it has already identified less than 200 other employees who were paid a shift differential, but that it simply objects to presenting the information at this time. "Defendant will provide contact information if a class is properly defined and certified, but objects to doing so at this procedural stage." Dkt. 15 at 9. Based on these facts, the court finds that Kinder Morgan has not met its burden to show that discovery of the contact information is overly broad, burdensome, or oppressive. *Quarles*, 894 F.2d at 1485. Kinder Morgan's brief merely describes its disagreement with the *timing* of producing the documents—not that production will prove burdensome. Thus, this argument is without merit.

Additionally, Kinder Morgan warns against providing the class list at this time, before a court can conditionally certify the class, based on concerns that communications with class members could violate ethical rules regarding the solicitation of potential clients. Dkt. 15 at 9. District courts in the Southern District of Texas apply the two-step *Lusardi* test for granting notice and certifying a FLSA

6

collective action.² Kinder Morgan's position is that the court should look only to the pleadings and affidavits to determine whether to grant conditional certification and only after conditional certification would Kinder Morgan provide the class list contacts for notification. *Id.* at 8–9.

The court acknowledges that a minority of cases outside the Fifth Circuit have held it premature to order discovery of information about opt-in class members prior to step one of the *Lusardi* test. *See, e.g.*, *Stephens v. Erosion Containment Mgmt., Inc.*, No. 8:07-CV-1995-T-30MAP, 2008 WL 2157095, at *1 (M.D. Fla. May 21, 2008) (citing *Crawford v. Dothan City Bd. of Educ.*, 214 F.R.D. 694, 695 (M.D. Ala. 2003) (denying discovery in the absence of a conditionally certified action). On the other hand, many courts have granted limited discovery prior to class certification based primarily on fact-specific situations that mirror the facts in the instant case: the requested information is relevant to the case, claims, or defenses; the named plaintiff had no other way of obtaining the information that was in the hands of the defendant; and a motion to compel was filed prior to the certification stage. *See Yoakum*, 2010 WL 4053956, at *6 (requiring parties to file a motion to compel prior to ordering defendants produce information); *Sedtal*, 2009 WL 2216593, at *7 (granting motion to compel based on the remedial purpose of the FLSA and the court's broad discretion under Rule 26); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 553 (N.D. Ill. 2008) ("provisional certification is not necessarily a prerequisite for conducting limited discovery"); *cf. Detho*, 2008 WL 2962821, at *3 (The court ultimately denied class certification, but only after ordering defendants to provide the identities of former and current employees from the past three

---

² "First, the court determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class. If they are, notice is sent and new plaintiffs are permitted to "opt in" to the lawsuit. Second, after discovery is largely complete and more information on the case is available, the court makes a final determination of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1215 (5th Cir. 1995).

years. Despite having this information, plaintiff did not provide any specific putative class member interested in joining the suit.); *Barton v. Pantry, Inc.*, No. 1:04CV00748, 2006 WL 2568462, at *2 (M.D.N.C. Aug. 31, 2006) (ordering limited pre-certification disclosure of names and addresses of present and former employees at the stores where plaintiffs worked, but ruling that the information for employees at other stores not be produced until the court decides on conditional certification); *Knutson*, 254 F.R.D. at 558 (denying plaintiff discovery because plaintiff already had contact with other employees).

The court agrees with the line of cases that permit limited discovery prior to class certification. The record shows that (1) Briones filed this motion to compel and presented sufficient evidence to show the requested information is relevant; (2) he did not have prior contact with any employees; (3) the employees' contact information is solely in the defendant's possession; and (4) Kinder Morgan did not meet its burden to show that production would be overly burdensome.

Lastly, the court cannot presume that Briones will use the class list for an improper use. The court agrees that the class list is relevant to Briones' case in determining whether to pursue collective action, so long as the information is not used for an improper purpose. Kinder Morgan warns against plaintiff's counsel using the information to contact employees to join the putative class prior to certification, which would constitute an impermissible use of the contact information. Dkt. 15 at 9; *See* Tex. Disciplinary R. of Conduct 7.03(a). Briones describes Kinder Morgan's accusations as "pure speculation" and claims that the list provides information regarding the "scope of the violation, the number of affected persons, and the locations at issue, amongst other questions," and can be used in depositions. Dkt. 16 at 5. To support his argument, he cites to a case from this court.

> The mere possibility that Yoakum's counsel may use the information garnered from his interrogatories and requests for production to violate Rule 7.03 does not justify PBK's failure to provide the information. *Cf. Gulf Oil Co. v. Bernard*, 452 U.S. 89,

8

> 102, 101 S. Ct. 2193, 68 L.Ed.2d 693 (1981) (The "mere possibility of abuses does not justify routine adoption of a communications ban . . . .").

*Yoakum*, 2010 WL 4053956, at *6.

At this point, there is no indication that Briones's counsel will use the list for an improper use. Kinder Morgan has not shown that Briones's counsel has engaged in any improper action or inaccurate communication. The mere possibility of impropriety—without anything further—does not proscribe the discovery of relevant information. Accordingly, the court has no occasion to limit counsel communications.

### IV. CONCLUSION

Plaintiff's motion to compel (Dkt. 14) is GRANTED. Kinder Morgan is ORDERED to provide the names, last known personal addresses, all known telephone numbers, and dates of employment/work of all Class Members, as defined in Plaintiff's Complaint under the "Shift Differential Class." Dkt. 1, para. 41. This information shall be provided within ten (10) days of the date of this order.

It is so ORDERED.

Signed at Houston, Texas on November 17, 2016.

_____
Gray H. Miller
United States District Judge